UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEXANDER RODARTE, | No. 2:24-cv-3429 DJC AC PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KATHERINE LESTER, Sacramento Police Department Chief of Police, | |
| Defendant. | |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The case was removed from Sacramento County Superior Court on December 10, 2024. ECF No. 1. Defendant moves to dismiss. ECF No. 5. Plaintiff opposed the motion. ECF No. 10. Defendant submitted a reply brief. ECF No. 12. The matter is fully briefed and was submitted on the papers. ECF No. 13. For the reasons that follow, the undersigned recommends the motion be granted and that this case be DISMISSED.

**I. The Complaint**

Plaintiff alleges that in January of 2023 he was intoxicated in an apartment complex, and sometime around 3 a.m. he stepped outside "naked for a brief second." ECF No. 1 at 9. The next day, plaintiff went to the Sacramento police department to turn himself in, and the police told him there was "nothing is in the system." Id. Plaintiff first felt a sense of relief, but then "was quick

1  to find out that it was being shared biometrically by Sacramento police department." Id.  Plaintiff
2  did not specify what "it" is, but at the end of his complaint asks for relief including "Video
3  removed" and $30,000; the court therefore concludes "it" is a video.  Id. at 13.  Plaintiff alleges
4  that the Sacramento police "use advanced technology to persecute [him] maliciously with FRT
5  software." Id. at 10.  Plaintiff alleges that this misconduct violates his constitutional rights and
6  has caused him significant harm.  Id. at 9-11.  Plaintiff 's pleading is captioned "First
7  Amended Complaint for Libel, Slander & Defamation," but it does not contain factual content
8  supporting any libel, slander, or defamation claim, and none of the captioned claims are listed as
9  causes of action.  ECF No. 1 at 8.  The seven specified causes of action include violations of the
10 First, Fourth, and Fifth Amendments of the United States Constitution, breach of fiduciary duty,
11 intentional infliction of emotional distress, malicious prosecution, and public disclosure of
12 privacy.  Id. at 12-13.

## II. Analysis

### A. Motion to Dismiss Legal Standard

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, the facts alleged do not support plaintiff's claims.

B. First Amendment (First Cause of Action)

Plaintiff appears to bring a First Amendment retaliation claim related to his interaction with police. To pursue a First Amendment retaliation claim, the plaintiff must allege that (1) it engaged in constitutionally protected activity; (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct (i.e., that there was a nexus between the defendant's actions and an intent to chill speech). Ariz. Students' Ass'n v. Ariz. Bd. of Regents, 824 F.3d 858, 867 (9th Cir. 2016). Under the heading "First amendment

3

[sic]," plaintiff states: "Guarantees people the right to ask the government to provide relief for a wrong through litigation." ECF No. 1 at 12. He does not provide any additional information. Nothing in the facts alleged indicates that plaintiff has or will be able to state a claim related to the First Amendment.

Further, accepting all material facts in the complaint as true, even if the entirety of the complaint is incorporated by reference and all reasonable inferences are drawn in favor of plaintiff, his first cause of action falls far short of plausibly suggesting an entitlement to relief. There are insufficient underlying facts to give fair notice and to enable Chief Lester, the sole named defendant, to defend herself effectively. Plaintiff has not offered any facts or inferences about Chief Lester's involvement, relation to the incident, responsibility, or form of liability. Plaintiff has not specified whether Chief Lester is being sued as an individual, in her professional capacity, as a supervisor, as a policy maker, or for some other reason. For all of these reasons, plaintiff's claim cannot proceed.

C. Fourth Amendment (Second Cause of Action)

The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend IV. "A seizure triggering the Fourth Amendment's protections occurs only when government actors have, through physical force or show of authority, in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (internal citations omitted). Under the heading "Fourth amendment [sic]," plaintiff states: "Relates because my privacy and civil rights has [sic] been breached by your reckless[sic][.]" ECF No. 1 at 12. He does not provide any additional information. Plaintiff has not alleged any plausible restraint on his liberty. Again, none of the facts alleged, even taken as true and incorporated into this claim, support a cause of action under the Fourth Amendment. Nor do they support a claim against the sole named defendant, Chief Lester. This claim cannot proceed.

D. Fifth Amendment Claim (Third Cause of Action)

The Fifth Amendment, in part, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb and protects against a second prosecution for the same offense after acquittal or conviction and multiple punishments for the same offense.

4

1  Brown v. Ohio, 432 U.S. 161, 165 (1977).  The Fifth Amendment also guarantees that defendants
2  will not be denied due process due to excessive preindictment delay.  United States v. Gilbert,
3  266 F.3d 1180, 1187 (9th Cir. 2001).  Further, a defendant is guaranteed the right to be present at
4  any stage of the criminal proceeding that is critical to its outcome if his presence would contribute
5  to the fairness of the procedure.  Kentucky v. Stincer, 482 U.S. 730, 745, 754 (1987).  It is not
6  clear specifically what claim plaintiff is trying to make under the Fifth Amendment; none of the
7  facts alleged clearly implicate the protections of the Fifth Amendment.  Under the heading "Fifth
8  amendment [sic]," he states: "Relates because no one shall be deprived of life and failed
9  protection[sic][.]"  ECF No. 1 at 12.  Again, none of the facts alleged, even taken as true and
10 incorporated into this claim, support a cause of action under the Fifth Amendment.  Nor do they
11 support a claim against the sole named defendant, Chief Lester.  This claim cannot proceed.

    E.  Breach of Fiduciary Duty (Fourth Cause of Action)

13   A fiduciary duty imposes a duty to act upon an entity in a fiduciary relationship with the
14 utmost good faith in the best interests of the other entity in the fiduciary relationship.  Before a
15 person can be charged with a fiduciary obligation; he must either knowingly act on behalf and
16 for the benefit of another or enter into a relationship that imposes that undertaking as a matter
17 of law.  Cleveland v. Johnson, 209 Cal.App.4th 1315, 1338 (2012).  Under the heading "Breach
18 of fiduciary duty [sic]," plaintiff states: "Your legal responsibility as sworn officer that depend
19 [sic] on your justified reliance [sic][.]"  ECF No. 1 at 12.  He does not provide any additional
20 information.  Plaintiff has not provided any facts indicating that he had a fiduciary relationship
21 with defendant, or indeed that he had any relationship or interaction with defendant at all.  Again,
22 none of the facts alleged, even taken as true and incorporated into this claim, support the
23 existence or breach of a fiduciary duty.  Nor do they support a claim against the sole named
24 defendant, Chief Lester.  This claim cannot proceed.

    F.  Intentional Infliction of Emotional Distress (Fifth Cause of Action)

26   A cause of action for intentional infliction of emotional distress exists when there is (1)
27 extreme and outrageous conduct by the defendant with the intention of causing, or reckless
28 disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

5

extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is outrageous when it is so extreme as to exceed all bounds usually tolerated in a civilized community. The defendant's conduct must be intended to inflict injury or engage with the realization that injury will result. Hughes v. Pair, 46 Cal.4th 1035, 1050–1051 (2009). Under the heading "Intention of emotional distress[sic]" plaintiff states: "Intentionally inflicted to plaintiff [sic][.]" He does not provide any additional information. Plaintiff has not provided any facts indicating that that he can state a plausible claim for intentional infliction of emotional distress. Again, none of the facts alleged, even taken as true and incorporated into this claim, support an IIED claim against the defendant. This claim cannot proceed.

G. Malicious Prosecution (Sixth Cause of Action)

Malicious prosecution requires that a criminal proceeding has ended in the plaintiff's favor and that the defendant did not reasonably believe there were grounds to initiate the proceeding. Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 881 (1989). Under the heading "Malicious prosecution[sic]" plaintiff states: "Brought about with no probable cause and contentious [sic] with malic [sic] slander and intentions With [sic] network software [sic][.]" ECF No. 1 at 13. He does not provide any additional information. The complaint does not indicate that any criminal or civil proceeding was ever initiated against plaintiff. Again, none of the facts alleged, even taken as true and incorporated into this claim, support a malicious prosecution claim against the defendant. This claim cannot proceed.

H. California Government Claims Act and State Law Claims (Fourth, Fifth, Sixth, and Seventh ("public disclosure of privacy") Causes of Action)

Under the California Government Claims Act, no action for damages may be commenced against a public employee or entity unless a written claim was timely presented (within six months after the challenged incident) and acted upon before filing suit. See Cal. Govt. Code §§ 905, 945.4, 950.2. The resulting suit must "allege facts demonstrating or excusing compliance with the claim presentation requirements" or the state law claim is subject to dismissal. State of California v. Superior Ct., 32 Cal.4th 1234, 1239 (2004). "The requirement that a plaintiff must

1  affirmatively allege compliance with the [Government Claims Act] applies in federal court."
2  Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).  Plaintiff cannot
3  maintain any state law claim alleged in his Complaint against Chief Lester due to his failure to
4  alleged compliance with the Government Claims Act.

### III.   Leave to Amend Is Not Appropriate

6  Ordinarily, pro se litigants are granted liberal leave to amend.  "Valid reasons for denying
7  leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural
8  Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Here, given the defects
9  described above, the undersigned finds that leave to amend would be futile and should therefore
10  not be granted.

### IV.   Pro Se Plaintiff's Summary

12  The Magistrate Judge is recommending that your case be dismissed because it does
13  provide facts that support any claim for legal relief.  You may file objections to this
14  recommendation within 21 days, and the District Judge will make a final decision.

### V.  Conclusion

16  Accordingly, the undersigned recommends that the motion to dismiss (ECF No. 5) be
17  GRANTED and that this case be DISMISSED.
18  These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days
20  after being served with these findings and recommendations, any party may file written
21  objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a
22  document should be captioned "Objections to Magistrate Judge's Findings and
23  Recommendations."  Failure to file objections within the specified time may waive the right to
24  appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez
25  v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

26  DATED: February 27, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE